UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON TAMAYO CEJA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-04307 ADS<br><br>ORDER DENYING PETITION |

## I. INTRODUCTION

Petitioner Ramon Tamayo Ceja, an immigration detainee, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, seeking immediate release from immigration detention. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 8.) Petitioner filed a Reply in support of the Petition. (Dkt. No. 9.) For the reasons discussed below, the Petition is denied.

## II. FACTUAL BACKGROUND

In February 1981, Petitioner alleges he first arrived to the United States as a child. (Dkt. No. 1 at 2.) Petitioner alleges he most recently entered the United States on a visa on March 15, 2001 and he has resided in the United States since. (Id.) Petitioner is the father of two United States citizen children, the primary caregiver for his mother and disabled brother, and a self-employed musician. (Id.) Petitioner has been in immigration detention since April 29, 2026. (Id.)

On June 27, 2026, Petitioner receive a custody redetermination before an immigration judge ("IJ"). (Dkt. No. 1 at 14.) The IJ denied bond, concluding that Petitioner had failed to meet his burden to prove that he is not a danger to society. (Id.) Any appeal of the IJ's bond determination with the Board of Immigration Appeals ("BIA") was due by August 26, 2026. (Id. at 15.)

The IJ identified three instances of criminal conduct by Petitioner. (Dkt. No. 1 at 14.) First, Petitioner was arrested and convicted for possession of a controlled substance. (Id.) While the conviction has now been vacated under California state law, Petitioner admits to the IJ he possessed cocaine at the time of his arrest. (Id.) Second, Petitioner was arrested and convicted for a DUI in 2022. (Id.) Petitioner contends that he did not intend to drive on the night of his DUI arrest, although he was sitting in the driver's seat of a parked car while intoxicated. (Id.) Third, in April 2026, Petitioner was again arrested for DUI. (Id.) Petitioner invoked his right to remain silent when the IJ questioned him regarding this arrest. (Id.) Two days after the bond hearing, a two-count misdemeanor complaint was filed by the Los Angeles County District Attorney's Office in relation to this arrest. (Dkt. No. 1 at 8.)

## III. SUMMARY OF BRIEFING

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner asserts the following ground for relief: a constitutionally inadequate bond hearing in violation of the Fifth Amendment. (Dkt. No. 1 at 8-10.) Petitioner seeks immediate release from immigration detention. (Id. at 11.)

In Respondents' Answer, Respondents contend that Petitioner must first exhaust his remedies by appealing his bond denial with the BIA. (Dkt. No. 8 at 3.) Respondents further contend that Petitioner's bond hearing was legally adequate. (Id. at 6.) Respondents contend that the IJ did not abuse his discretion because he applied the correct legal standard. (Id. at 7.)

In Petitioner's Reply, Petitioner contends that the exhaustion requirement should be excused in this case. (Dkt. No. 9 at 3.) Petitioner argues that the IJ abused his discretion in using Petitioner's silence to infer that he committed a crime. (Id. at 5.) Petitioner further argues that his criminal history cannot support the IJ's determination that he is a danger. (Id. at 6.)

## IV. DISCUSSION: EXHAUSTION OF BOND DETERMINATION

Petitioner contends that he received a constitutionally inadequate bond hearing. (Dkt. No. 1 at 8.) The Court must consider whether Petitioner was required to first exhaust his administrative remedies by appealing his bond denial to the BIA before raising a claim with this Court that his bond hearing was constitutionally inadequate. The exhaustion requirement is prudential for habeas claims. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). However, even when exhaustion is a prudential requirement, district courts must still consider whether exhaustion is satisfied or waived. Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004) ("Lower courts

are...not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived"); see also Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001) ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). The Ninth Circuit has held that a petitioner seeking review of an adverse bond determination must ordinarily first appeal the bond denial with the BIA.[1] Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[The petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). In determining whether exhaustion should be required, courts consider whether the following Puga factors apply:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). There are also exceptions to the exhaustion requirement, which include situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing, 370 F.3d at 1000.

Petitioner has not provided any indication that the BIA has issued a final decision on an appeal of the IJ's bond denial. (Dkt. No. 1 at 7.) Neither the Puga or Laing factors

---

[1] Exhaustion is required even when an appeal to the BIA would be untimely. See Laing, 370 F.3d at 998 ("[W]e hold that the untimely filing of a petition to review a decision by the BIA does not constitute the exhaustion of judicial remedies.").

warrant an exception to the exhaustion requirement in this case. The Puga factors consider whether waiving exhaustion would "encourage the deliberate bypass of the administrative scheme" and whether "administrative review is likely to allow the agency to correct its own mistakes." Here, Petitioner claims that the IJ erred in improperly using his silence to infer he committed a crime in April 2026 and relying on a conviction that has since been vacated. (Dkt. No. 1 at 9-10.) Petitioner's claim would require the BIA to review the sufficiency of the IJ's factual findings and methodology. The BIA can do so to correct the alleged mistakes of the IJ. See Fan, 2026 WL 2276462, at *14 ("Unlike the federal courts, the BIA has direct access to the hearing record, authority to order remand for additional factfinding, and deep familiarity with the documentary practices of immigration courts."); see 8 C.F.R. § 1003.1(b)(7), (d)(3)(i)–(iv); see also Morgan v. Gonzales, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (BIA has "power to adjudicate procedural due process claims").

Excusing exhaustion in this case would encourage a shortcut to federal court and a bypass of the administrative scheme. See Fan, 2026 WL 2276462, at *14. ("[E]xcusing exhaustion in a routine immigration bond dispute like the one here would set a troubling precedent; it would invite every detainee who disagrees with an immigration judge's decision to skip the BIA and petition directly in federal court."); see also Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995) ("If the exhaustion requirement is to serve its purpose...the key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken."). Furthermore, the Ninth Circuit has explicitly held that review of bond determinations is precisely the sort of situation that should first be exhausted with the BIA. See Leonardo, 646 F.3d at 1160 ("[The petitioner] should have exhausted

administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Accordingly, Petitioner has no convincing basis to resist administrative exhaustion.

Furthermore, no countervailing reason supports waiving exhaustion here. BIA remedies are not "inadequate or not efficacious." Laing, 370 F.3d at 1000. The BIA has the authority to vacate the bond denial or remand for a new hearing. See Fan, 2026 WL 2276462, at *15 ("The BIA has plenary authority to reverse the immigration judge's procedural ruling, to vacate the bond denial, and to remand for a new hearing. . . ."). The Court recognizes that requiring exhaustion will have the serious consequence of causing Petitioner to remain detained during the pendency of a BIA appeal. However, if the mere wait associated with a BIA appeal was a sufficient ground for waiving exhaustion, exhaustion would be waived in virtually every case and the exception would swallow the rule. See Fan, 2026 WL 2276462, at *15 (holding that if "the passage of time and the fact of detention is deemed an adequate showing of irreparable injury as a matter of course. . . administrative exhaustion would have to be waived near universally"); see also McCarthy v. Madigan, 503 U.S. 140, 147 (1992) (exhaustion may be waived when there is "an unreasonable or indefinite timeframe for administrative action" or "a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim").

The Court is required to abide by the exhaustion requirement in this case. See Fan, 2026 WL 2276462, at *15 (holding that waiving exhaustion "would subvert not only the mandatory exhaustion rule but the congressional design of the immigration court system—substituting the BIA with federal district courts"). Petitioner asks the Court to consider the IJ's factual findings and Petitioner's criminal record to determine

whether the IJ abused his discretion in concluding Petitioner had failed to prove he was not a danger to the community. This claim calls for precisely the type of factual review that can and must first be exhausted with the BIA before the Court is permitted to exercise habeas jurisdiction.[2]

Further, Petitioner has failed to provide any compelling reason to excuse the exhaustion requirement in this case. To the extent Petitioner claims that the IJ erred in improperly using his silence to infer he committed a crime in April 2026, an IJ is permitted to draw a negative inference from silence in this civil immigration proceeding. See Gutierrez v. Holder, 662 F.3d 1083, 1091 (9th Cir. 2011) ("In a deportation hearing there is no prohibition against drawing an adverse inference when a petitioner invokes his Fifth Amendment right against self-incrimination.") (citing United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 154–55 (1923)). To the extent Petitioner claims the IJ erred in relying on a conviction that has since been vacated, an IJ is permitted to consider criminal charges and Petitioner's testimony that he possessed a controlled substance in evaluating his dangerousness. See In Re Guerra, 24 I. & N. Dec. 37, 40–41 (BIA 2006) ("In the context of custody redeterminations, Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community. Any evidence in the record that is probative and specific can be considered."); (Dkt. No. 1 at 9-10.) Petitioner has not provided any basis for the

---

[2] The Court notes that even if it were permitted to review the IJ's decision, it also lacks the authority to reweigh the evidence considered at the bond hearing. See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (holding that district courts may determine whether the IJ applied the correct legal standard but "cannot reweigh evidence").

Court to not abide by the exhaustion requirement in this case. Accordingly, the Petition is denied for lack of exhaustion.[3]

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition is denied; and
2. Judgment shall be entered accordingly.

Dated: November 13, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

[3] Petitioner seeks, for the first time in his Reply, a stay of the Petition in lieu of exhaustion. (Dkt. No. 9 at 7.) However, Petitioner has failed to provide legal support for a stay or specify the type of stay he seeks. For instance, if Petitioner seeks a Rhines stay, he has failed to articulate "good cause" for failing to exhaust his administrative remedies. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (holding that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims. . .") As other district courts have concluded, a dismissal is appropriate because Petitioner may file a new habeas petition once his appeal with the BIA concludes. See e.g., Landaverde Erazo v. Mullin, No. 5:26-CV-06016-JDE, 2026 WL 3073662, at *3 (C.D. Cal. Oct. 14, 2026) (dismissing, as opposed to staying, an unexhausted petition).